ALEXANDER, Appellant, *vs.* LANE, Respondent.

1. After a sale of land has been completed by the execution of the deed, and the payment of the purchase money, any stipulation or engagement by the grantor, that the grantee should have certain articles of personal property which were upon the land, are void as being without consideration; yet such engagements or declarations may be used as evidence tending to show the existence of a prior understanding or contract that those articles should pass to the grantee, which, when executed by delivery of the same, confers title.

*Appeal from Franklin Circuit Court.*

This was an action commenced before a justice of the peace, to recover the value of certain boards and laths, alleged to belong to plaintiff, and to have been wrongfully taken by defendant. It was in evidence on the trial before the Circuit Court on appeal, that Alexander, the plaintiff, had purchased a farm from one James Lane. At the time of the purchase there were upon said farm certain boards and laths stacked up in the yard preparatory to building. There was evidence (which is set forth below) tending to show that it was the understanding between Alexander and the said Lane, that the boards and laths should pass to the said Alexander with the land purchased. After the said purchase, the said Lane sold the boards and laths to one Wm. S. Lane, the defendant in this action, who removed them before Alexander took possession of the farm. The evidence referred to is that of one Plato Cole, who testified, that he was present at the execution, by J. Lane and wife, of the deed for the farm, and the payment of the purchase money by Alexander: he further proceeds as follows: "After the deed was executed and delivered and the money paid, Alexander and myself started to leave; we got to near the yard gate, and Lane came out and said, 'uncle Martin, I think you ought to pay me something more for the boards and laths.' Alexander replied, 'no, James, not a dime more. I have paid you all I was to pay you.' Lane hung his

Alexander *v.* Lane.

head awhile and then said, ' well, you can take the boards and laths, but I will keep the nails,' and we parted. The parties parted apparently satisfied."

The following instructions, among others, which it is unnecessary to set forth, were given by the court, and excepted to by the plaintiff :

" The consent of James Lane that the plaintiff might have the laths and boards, as deposed to by Plato Cole, being after the payment of the purchase money and the execution of the deed, is void as a contract, being made without any consideration, and conferred no right of property on the plaintiff, yet the jury are at liberty to consider the conversation as evidence, if they find it conduces to prove a prior contract in regard to the boards."

" If the jury find there was no special contract in regard to the boards, yet, if they find from the evidence, deposed to by Cole, that Lane agreed or contracted for Alexander to have the boards and laths, and accordingly delivered them to Alexander, then such trasaction is good as a gift, and invested Alexander with the right of property, and the jury will find for him."

*C. Jones*, for appellant.
*Stevenson*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

The evidence of Cole was not withdrawn from the jury, but they were properly instructed as to its legal effect. The jury were told that what passed in the yard, after the transaction was completed by the execution of the deed and the payment of the purchase money, did not constitute a present contract of sale, but they were at liberty to consider it as evidence of a *prior* contract to that effect, and that if Lane agreed that Alexander should have the boards and delivered them accordingly, it was a valid gift.

It appears not improbable, from the conversation in the yard, to which Cole testified, that both parties to the sale

thought the boards were embraced in it, and that it was so expressly understood between them; but the jury who tried the cause thought otherwise, it seems, and we could not correct their finding even if we thought it erroneous in this matter. The judgment is affirmed.